IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY D'ANGELO | :     CIVIL ACTION |
| v. | : |
| COATESVILLE AREA SCHOOL DISTRICT | :     NO. 14-7325 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                                             June 20, 2016

Plaintiff has filed a motion to compel discovery responses in this Title VII/Section 1981 retaliation case.[1] Although Defendant has cited a number of objections, an overriding problem with the discovery requests is that they are overly broad in scope and time. I held argument on the motion on June 10, 2016, and first attempted to clarify the Complaint. The adverse employment action that is the basis of Plaintiff's Complaint is his termination on June 30, 2011. Doc. 1 ¶ 63. The question that remains is what evidence and actions are relevant to Plaintiff's allegedly retaliatory termination. At the oral argument, I was also concerned with defense counsel's inability to acknowledge whether responsive documents existed. Although I understand the upheaval that must be

---

[1] Plaintiff originally filed his motion to compel on April 11, 2016. Doc. 29. In response, Defendant discussed a supplemental production. Doc. 32. The Honorable Lawrence F. Stengel, to whom the case is assigned, referred all discovery issues to the undersigned. Doc. 34. I ordered Plaintiff to file a Reply, directing the court to any discovery deficiencies that remained after the supplemental production, which Plaintiff filed on May 9, 2016. Docs. 35 & 36. Defendant then filed a sur-reply. Doc. 40.

going on in the school district, I expect counsel to oversee a thorough search of the district's servers and files for archived email and other responsive documentation.

## I.  TIMELINE OF FACTUAL ALLEGATIONS

To add perspective to my discussion and Plaintiff's discovery requests, I will provide an outline of the allegations contained in Plaintiff's Complaint and a basic description of the actions leading to a grand jury investigation and an independent report commissioned by the School Board.

Plaintiff was hired by the Coatesville Area School District ("CASD" or "School District") as Facilities Director in 2004.  Doc. 1 ¶ 9.  During his tenure, Plaintiff heard Superintendent of Schools Richard Como ("Superintendent Como" or "Mr. Como") make racist and sexist comments and saw Mr. Como make obscene gestures at work.  Id. ¶¶ 14, 15, 19.  Plaintiff complained to Mr. Como about his statements and actions.  Id. ¶ 23.

Plaintiff alleges that Mr. Como effectively controlled the School District employees.  As an example, Plaintiff cited an incident wherein, consistent with regular practice allowing employees to use CASD gas in an emergency, he was videotaped taking gas from a school district pump ("the gas theft incident").  For political reasons, Mr. Como made "a show" of punishing Plaintiff by briefly suspending him, but at the end of the year, Plaintiff received a performance bonus to make up for the wages he lost as a result of the suspension.  Doc. 1 ¶ 27.  This incident occurred in late 2007/early 2008, more than three years prior to Plaintiff's termination.  Doc. 36 at 1-2; Doc. 36-2 at 4.

Although not included as an allegation in the Complaint, shortly after the gas theft incident in late 2007/ early 2008, Mr. Como allegedly demoted Plaintiff from Facilities Director to construction supervisor of the Rainbow project, an elementary school being built in the district at that time. Doc. 36 at 2. According to Plaintiff, he was "exiled to work out of a trailer on a construction site several miles away from the administration building." Id. At the end of June 2011, Plaintiff was terminated. Doc. 1 ¶ 33. At oral argument, counsel explained that Plaintiff's theory is that Mr. Como took the earlier actions against Plaintiff in the hopes that he would resign, and later terminated him when Plaintiff did not resign as planned.

In approximately August 2013, racist and sexist text messages between Como and an athletic director were uncovered by CASD's director of information technology. Doc. 1 ¶ 41. The text messages were reported on by the press, and in December 2014, an investigating grand jury issued a report involving, among other things, the investigation of the text messages. Id. ¶ 42. The School District hired the law firm Conrad O'Brien to conduct an independent investigation, which consisted of review of School District records as well as interviews. The resulting report dated April 9, 2014, was released, redacted, to the public on February 9, 2015. Docs. 36-1 & 36-2. It details "a recurring pattern . . . of abuse of power, lack of accountability, incompetence, fiscal mismanagement, bloated legal costs and the misappropriation (and even theft) of limited [School District] resources." Doc. 36-1 at 17.

According to Plaintiff, many of the remaining discovery disputes would be resolved if Defendant were to produce the documentation upon which the Conrad

O'Brien Reports are based. Doc. 36 at 4. Rather than addressing this broad request at the outset, I will address each of the remaining disputed items.

## II. DISCUSSION

### A. Request for Production 3

In Request for Production 3, Plaintiff sought

> any and all records of complaints or allegations of race or gender harassment or discrimination, including but not limited to internal complaints, filings with the Equal Employment Opportunity Commission ("EEOC") or the Pennsylvania Human Relations Commission ("PHRC") from January 1, 2005 to the present.

Doc. 37-13 at 4.

In response, Defendant referred Plaintiff to Plaintiff's own EEO charge and right-to-sue documentation and five cases filed in this court, which can be publicly accessed. Doc. 37-13 at 4. Beyond those documents, Defendant challenged the request as burdensome, overbroad, not relevant or proportional and possibly covered by the attorney work product or attorney-client privilege. Doc. 39 at 5-6.

According to Federal Rule of Civil Procedure 26, as recently amended,

> Parties may obtain discovery regarding any nonprivilged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

4

Fed. R. Civ. P. 26(b)(1).  Because I conclude that Plaintiff's Request is overly broad, I will sustain Defendant's objection and limit the Request in temporal scope.

In his Complaint, Plaintiff alleges that his "selection for termination was in retaliation for his opposition to [Mr.] Como's racial slurs and gender-bias and gender harassment by Como."  Doc. 1 ¶ 35.  Likewise, Plaintiff states that his "termination was motivated in whole or in part by retaliatory animus for his opposition to racial and gender-based discrimination in the workplace."  Id. ¶ 63.  Although Plaintiff's claim is one of retaliation, because Plaintiff alleges he was terminated for expressing opposition to Mr. Como's racist and sexist actions, I find that complaints of such actions are relevant.

However, the timeframe specified by Plaintiff -- 11 years' worth of documentation including six years prior to Plaintiff's termination and five years post-termination --  is overly broad and I will limit the Request to a reasonable temporal scope.[2]  I will limit the request to two years prior to and after Plaintiff's termination (June 30, 2009 – June 30, 2013).  Thus, Defendant shall produce any records of formal or informal complaints or allegations of race or gender harassment or discrimination made within the school system, to the EEOC or to the PHRC during the relevant timeframe.  In addition

---

[2]The recent amendments to the Rules of Civil Procedure require the court to consider all the information provided by the parties and consider "all other factors in reaching a case-specific determination of the appropriate scope of discovery.'  Fed. R. Civ. P. 26(b)(1) Advisory Committee Note 2015 Amendment.  Plaintiff's counsel argued at the oral argument that documentation for the 11-year period is not burdensome because the information has already been compiled by Conrad O'Brien.  However, ease of production does not trump relevance.  Much of the information disclosed in the Conrad O'Brien report is irrelevant to Plaintiff's claim of retaliatory discharge.

Defendant shall produce all documentation regarding any such complaints made by Plaintiff at any time. If Defendant seeks to rely on any privilege to withhold responsive documentation, counsel shall provide a privilege log.

### B. Request for Production 6

In Request for Production 6, Plaintiff sought

> all human resources procedures, handbooks, guidelines and manuals regarding the hiring and termination of CASD administrative employees in effect from January 1, 2006 to the present.

Doc. 37-7 at 5.

Defendant has referred Plaintiff to a previously produced "Human Resources Hiring Procedure," identified as Bates No. CASD 000078-000079, and a printable and downloadable copy of the School Board's current policies and procedures regarding the hiring and termination of administrative employees available on the website. Doc. 39 at 6.

Both in the motion and at argument, Plaintiff's counsel expressed doubt that the policies referred to were those in effect from 2006 to 2016, as requested. Doc. 36 at 7. At oral argument, I suggested and counsel agreed that Plaintiff conduct a corporate designee deposition to verify that Defendant has produced all responsive procedures. Therefore, within 10 days of the supplemental production required by this Memorandum and Order, Defendant shall identify one or more representatives to verify the complete production.

C. **Request for Production 7**

In Request for Production 7, Plaintiff asked Defendant to produce

> all records, documentation, and communications directed to or among and between School Board members, concerning investigation into allegations of misconduct by Superintendent of Schools Como from January 1, 2005 through December 31, 2014, including but not limited to written complaints, notes from meetings, and notes or memoranda of any meeting or discussion, and all reports, including drafts, of any investigation undertaken by or on behalf of the school board regarding Superintendent Como.

Doc. 37-13 at 5.

Plaintiff claims that this is "basic comparator information." Doc. 36 at 8. Defendant objects to this Request, arguing that "[t]his broad request regarding <u>any misconduct by Mr. Como</u> is a far cry from the allegations in Plaintiff's Complaint that his job was eliminated as retaliation by Mr. Como for Plaintiff's allegedly expressing his feelings of opposition to Mr. Como for racist and sexist comments and gestures made by Como in his presence." Doc. 39 at 7 (emphasis in original). I agree. This Request should be more tailored to the facts and timeframe of this case -- school board records, documentation and communications regarding any reference to sexual or racial harassment or discrimination or retaliatory animus exhibited by Mr. Como for a time period two years prior to and post-Plaintiff's termination.

At oral argument, I expressed concern with defense counsel's inability to respond to questions regarding responsive documentation. Counsel complained about the burden of conducting a search for responsive emails, but provided no support or explanation for why the search would be unduly burdensome. I expect the defense to undertake a search

7

of hard-copy and electronic documentation in its care, custody, and control, including searches of archived emails.

In addition, Defendant argues that there are records that would involve attorney-client or work product privileges, specifically relating to Hawa v. Coatesville Area School Dist., Civ. No. 15-4828. Doc. 39 at 7. This is a discrimination/retaliation case filed by the two employees who discovered and alerted the School Board and media to the racist text messages exchanged between Mr. Como and the Athletic Director. Having limited discovery to a period extending two years beyond Plaintiff's termination, Defendant's concern may be moot because Mr. Hawa did not discover the text messages until August 2013. However, to the extent Defendant relies on such privileges with respect to any responsive documentation, counsel shall provide a privilege log.

### D. Request for Production 8

In the eighth Request for Production, Plaintiff sought

> all documentation relating to complaints by any CASD employee to any school board member or CASD employee regarding misconduct, including theft, misappropriation or misuse of school property, and discriminatory or harassing conduct by Superintendent Como during the period from January 1, 2005 to December 31, 2014. This request includes formal and informal complaints, written complaints, documentation of oral/verbal complaints, meeting notes or minutes, draft reports and memoranda.

Doc. 37-13 at 6.

Defendant again objects on the basis of overbreadth in scope and time. Doc. 39 at 8. To the extent this Request overlaps information sought in Request 7, I have already determined that Defendant shall produce documentation and communications regarding

sexual or racial harassment or discrimination or retaliatory animus exhibited by Mr. Como for a time period two years prior to and post-Plaintiff's termination. Additionally, any records relating to Plaintiff's employment and disciplinary record at CASD should be produced if they have not already been.

To the extent Plaintiff argues that his discipline for theft of gas opens up discovery to any employee's alleged misconduct, I reject that argument. As previously stated, in the Complaint, Plaintiff discussed the theft of gas as an example of Mr. Como's control over the employees. That alleged theft occurred in late 2007 or early 2008. However, the claim at issue is Mr. Como's alleged retaliatory termination over three years later in June 2011. Discovery beyond gender and racial harassment or discrimination and retaliation within the time frame previously established is not relevant to the claims in Plaintiff's Complaint.

### E. Request for Production 9

In the ninth Request for Production, Plaintiff sought

> all records, documentation and communications directed to or among and between CASD employees or to the School Board concerning misconduct including theft, misappropriation or misuse of school property, and discriminatory or harassing conduct by any administrative or supervisory employee, including from January 1, 2005 through December 31, 2014, including but not limited to written complaints, notes from meetings, and notes or memoranda of any meeting or discussion regarding said misconduct.

Doc. 37-13 at 6.

Defendant repeats the objection that this Request is overbroad. Plaintiff explains that he seeks information about "employees who were accused of similar misconduct . . .

9

to show that similarly situated employees who engaged in similar alleged misconduct . . . were not adversely affected . . . ." Doc. 36 at 10. To the extent Plaintiff's Request seeks comparators regarding disparate treatment for the gas theft, Plaintiff's Complaint does not allege that he was disciplined for the gas theft in retaliation for his complaints of discrimination. In fact, Plaintiff stated that he received a performance bonus to make up for the money lost during his suspension for the gas theft.

To the extent the Request seeks complaints of discriminatory or harassing actions on the part of the administration, the Request is too broad in scope and time. Plaintiff's Complaint is one of retaliatory termination by Mr. Como due to Plaintiff's complaints of gender and racial discrimination and harassment. The actions of other administrators is irrelevant and the timeframe for which Plaintiff seeks documentation is overly broad. Defendant shall produce all records, documentation and communications directed to or among and between CASD employees and/or School Board members from June 30, 2009 to June 30, 2013, regarding any acts of racial or sexual harassment or discrimination or retaliation by Mr. Como.

### F. Request for Production 11

In the eleventh Request for Production, Plaintiff sought

> any and all expense reports or requests for reimbursement submitted by or on behalf of CASD School Board members, administrators, principals, managers, directors or other non-teaching employees, and athletic department employees at all levels, including but not limited to those submitted by Plaintiff, from January 1, 2005 through December 31, 2014.

Doc. 37-13 at 7. Plaintiff seeks this information "to show that other . . . employees and officials routinely incurred expenses and sought and obtained reimbursement for similar or greater personal expenses than the minimal amount of gas CASD accused [Plaintiff] of stealing for his personal use, and to show that other employees were routinely provided or reimbursed for personal items and gas by CASD." Doc. 36 at 10.

Defendant has produced and now identified by Bates numbers Plaintiff's own Expense Reimbursement Requests. Doc. 39 at 11. Beyond that, in response, Defendant asserts that the production would be unreasonably burdensome, overbroad and irrelevant, and not proportional to the needs of the case. Doc. 36 at 10. Like the prior request, Plaintiff is searching for comparator evidence related to the gas theft. As previously explained, he has not alleged in his Complaint that the suspension for the gas theft was retaliatory. Rather, he used the gas theft incident to demonstrate how Mr. Como exerted power over the employees by creating and solving employment crises. Plaintiff explained that Mr. Como had told him that he "would make up to [Plaintiff] for any loss due to the brief suspension" and that Plaintiff received a performance bonus at the end of the year making up for the lost wages. The basis for his Complaint is retaliatory nature of his termination. As such, the expense reports and reimbursement requests are irrelevant.[3]

---

[3] At oral argument, Plaintiff's counsel described some of the reimbursement requests she expected Defendant to produce. Included among them were reimbursement requests for travel to a casino. This has absolutely no relevance to Plaintiff's allegation that he was terminated in retaliation for complaining about Mr. Como's racial and gender discrimination and harassment.

11

### G.     Request for Production 12

In the twelfth Request for Production, Plaintiff sought

> all records, documentation, and communications of any and all employment decisions that resulted in the suspension, termination, layoff or furlough of any non-teaching, nonunion, employee from January 1, 2005 through December 31, 2013.

Doc. 37-13 at 7.  Plaintiff has offered to limit the timeframe of this Request to January 1, 2008 through December 31, 2015.  Doc. 36 at 11.  Plaintiff explains that he "claims CASD terminated him under the guise of a budgetary layoff [and h]e is entitled to obtain discovery of information that will show what material CASD relied on in making decisions not only about his layoff, but about the broader reduction in force undertaken at that time and other similar employment decisions during Como's tenure."  Doc. 36 at 11.

Defendant has referred Plaintiff to the School Board Agendas and Minutes from January 22, 2008, to the present that can be viewed on the district's website.  Defendant also states "within a few weeks prior to his job elimination (and the simultaneous elimination of the position of 'Family Advocate'), the School District terminated at least 70 teaching, union employees for budgetary reasons."  Doc. 39 at 12.

The School District's main defense is that Plaintiff's position was eliminated as a result of budgetary issues.  Doc. 13 ¶¶ 63, 31.  This puts the School District's assessment of and action as a result of its financial situation directly in issue.  Therefore, Plaintiff is entitled to any documentation regarding the reduction in force and budgetary concerns that led to the elimination of his position.  Reference to the Agendas and Minutes is insufficient.  Defendant will be required to supplement this response with respect to

information regarding the budgetary issues at the time of Plaintiff's termination and the reduction in force that led to the abolition of his position and those undertaken within a reasonable time. Plaintiff's Request will be limited to records from calendar year 2011.[4]

### H. Request for Production 17

In the seventeenth Request for Production, Plaintiff sought

> all records, documentation, policies and communication regarding reimbursements to or expense submissions by employees of CASD for the use of their personal automobiles to travel in the course of their duties for the CASD.

Doc. 37-13 at 9. Defendant objects that this information is irrelevant, burdensome, and not proportionate. This is again related to the gas theft, which, as explained, the Complaint does not allege was an adverse employment action related to his complaints of discrimination, nor has he alleged that he was terminated for the gas theft. This information is irrelevant to Plaintiff's claim that he was terminated in retaliation for his complaints about race and gender discrimination.

### I. Request for Production 22

In the twenty-second Request for Production, Plaintiff sought

> all records, documentation, and communications regarding restrictions on any CASD employees' access to the CASD administrative offices in the Benner building, including but not limited to employees who were required to be accompanied by an escort within the building, from January 1, 2005 through December 31, 2013.

---

[4] During oral argument, defense counsel referred to a Personnel and Operations Committee. Any minutes or notes or emails of this committee regarding personnel decisions during 2011 should be produced.

Doc. 37-13 at 10.  Plaintiff explains in his reply brief that following the gas theft incident he was demoted and "exiled . . . to work in a trailer, miles away from CASD's administration building [and] was prohibited from entering the building without an escort."  Doc. 36 at 12.  This was never alleged in Plaintiff's Complaint.  He has not alleged that his demotion or his working conditions were a result of a retaliatory animus.  As such, this Request does not seek information relevant to Plaintiff's claim of a retaliatory termination or any defense raised by the School District.

### J. Request for Production 25

In the twenty-fifth Request for Production, Plaintiff sought

> all records, documentation, and communications concerning any action to eliminate or vacate positions at CASD from January 1, 2008 to December 31, 2013.

Doc. 37-13 at 11.  In his reply, Plaintiff explains that he is seeking "documentation of CASD's decision-making process in deciding to eliminate or vacate positions."  Doc. 36 at 13.  In ruling on Request 12, I have ordered production of documentation regarding employment decisions that resulted in the layoff or furlough of any non-teaching, nonunion, employee for 2011.  Similarly, I will limit this request to 2011.  According to defense counsel at the oral argument, a significant number of employees suffered layoffs and furloughs just prior to Plaintiff's termination.  Any responsive documentation for 2011 shall be produced.

### K.     Request for Production 26

In the twenty-sixth Request for Production, Plaintiff sought

> all communications, including but not limited to e-mails, social media messages/posts or text messages, between Superintendent Richard Como and any member of the CASD School Board from 2006 through 2013 regarding Plaintiff Frank D'Angelo or his position.

Doc. 37-13 at 11.  Defendant has identified a single email exchange (CASD 000132), between Mr. Como and the Board President at the time regarding the gas-theft incident. Doc. 39 at 16.  Plaintiff complains that "there was presumably communication with the board regarding the decision to include [Plaintiff] in the Reduction-in-Force to which [Plaintiff] is entitled."  Doc. 36 at 14.  Defendant objects on the basis of relevance and proportionality.

Plaintiff is entitled to any documentation, communications, email, text messages referring to him or his job elimination.  It is imperative that Defendant produce responsive documents for the period after Plaintiff's termination because Plaintiff has alleged that Mr. Como falsely advised the School Board members that the reason for the termination was the gas-theft incident and he was subsequently denied a position at Northwestern Lehigh School District on that basis.  Doc. 1 ¶¶ 55-56.

### L.     Request for Production 27

In the twenty-seventh Request for Production, Plaintiff sought

> all communications, including but not limited to e-mails or text messages, between Superintendent Richard Como and any members of the School Board that mention any reduction-in-force, resignation incentive program, position

> elimination or plan to leave positions vacant from 2009
> through 2012.

Doc. 37-13 at 12. Plaintiff explains that "[t]his information could be helpful for [Plaintiff] to show that CASD's claimed budgetary elimination and layoff of him is belied by actual communications between Como and the school board about [Plaintiff's] situation or other job eliminations." Doc. 26 at 14.

Defendant has referred Plaintiff "to the Board Meeting minutes involving the large reduction-in-force that preceded his job elimination by a matter of weeks." Doc. 39 at 17. Defendant also objects to the Request as overly broad, irrelevant, and not proportionate to the claims in the case. Doc. 39 at 17.

Although I do not believe the Defendant's production is sufficient, I believe the request is overly broad. Plaintiff's job was eliminated at the end of June 2011. Defense counsel also spoke of an earlier reduction-in-force just prior to Plaintiff's termination. Under the circumstances, Plaintiff is entitled to communications regarding any reduction-in-force, resignation incentive program, position elimination or plan to leave positions vacant during 2011.

### M. Request for Production 32

In Request for Production 32, Plaintiff sought

> all documents referenced in any report or assessment of the
> operation of CASD under Superintendent Como, including
> but not limited to documents referenced in Investigative
> Reports by Conrad O'Brien, PC posted on the CASD official
> website or otherwise disseminated to the public.

Doc. 37-13 at 13.

16

Plaintiff's counsel explained at oral argument that she is not seeking any documents created by Conrad O'Brien for the preparation of the report, but seeks all business records provided by CASD that provided the basis for the report.  Defense counsel stated that he has already provided any document relating to Plaintiff upon which Conrad O'Brien relied in preparing its report.

The Conrad O'Brien Report addresses many issues both involving Mr. Como and involving many other officials having absolutely no relevance to Plaintiff's claim that he was terminated in retaliation for reporting Mr. Como's instances of gender and race discrimination and harassment.  As described in the Executive Summary

> As we delved into the facts and circumstances surrounding the racist, sexist and bigoted text messages that initiated our investigation, several new and, at time, unrelated issues and concerns became readily apparent.  We followed all leads and complaints where they took us and, in the process, uncovered a disturbing and, unfortunately, recurring pattern at [CASD] of abuse of power, lack of accountability, incompetence, fiscal mismanagement, bloated legal costs and the misappropriation (and even theft) of limited CASD resources.

Doc. 36-1 at 17 (Conrad O'Brien Report at 6).  Although the Report discusses the culture of the School District and Mr. Como's personality attributes, id. at 23 (Conrad O'Brien Report at 12), this is irrelevant to Plaintiff's claim of termination based on retaliatory animus.

### III. CONCLUSION

Guided by the allegations in Plaintiff's Complaint and the defenses raised in the Answer, I find that Plaintiff's Requests for Production are overly broad in scope and

17

time.  Defendant shall have 30 days to supplement its production as directed herein. Within 10 days of providing the supplemental responses, Defendant shall identify one or more representatives for a corporate designee deposition.  By July 29, 2016, counsel for both sides shall notice depositions, providing Judge Hey with a list of deponents for each side.  The court will hold a telephonic conference with counsel on Thursday, August 18, 2016, to discuss any issues that have arisen with scheduling depositions.  Other deadlines are continued in the attached Order.

     An appropriate Order follows.