IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY D'ANGELO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COATESVILLE AREA SCHOOL | : | |
| DISTRICT | : | NO.  14-7325 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                                                           June 30, 2016

   Richard Como, the former Superintendent of the Coatesville Area School District ("CASD"), has filed a motion to quash a third-party deposition subpoena served on him by Plaintiff in this Title VII/Section 1981 retaliation case.  Plaintiff alleges that Defendant CASD terminated him in retaliation for expressing opposition to Mr. Como's racist and sexist remarks.  Although Mr. Como is not a defendant in this case, Plaintiff alleges that Mr. Como is the CASD employee who terminated him in unlawful retaliation.  Mr. Como has been charged with numerous criminal offenses relating to his activities as Superintendent of the CASD in the Court of Common Pleas of Chester County.  Doc. 42-2 at 2; Doc. 47.  Because Mr. Como believes that responses to questions relevant to the D'Angelo action might incriminate him with respect to the charges pending in Chester County, Mr. Como seeks to quash the subpoena.

   According to Mr. Como, the criminal charges "deal with hiring practices at the district and [his] involvement, power and control over that process[, and] allegations of [his] alleged control and/or influence over the School Board and its decision making

process." Doc. 42-2 at 2.  I held a telephonic conference on June 28, 2016, during which Mr. Como's counsel reiterated that the charges pending against Mr. Como include allegations that he exerted influence and power over the school board and employees of the CASD, and that those issues are intertwined with Plaintiff's allegations here, triggering his Fifth Amendment right against self-incrimination.  Plaintiff counters that the Fifth Amendment does not provide a blanket protection from the obligation to appear for a deposition.  Doc. 44 at 3 (ECF pagination).

"[A] witness cannot relieve himself of the duty to answer questions that may be put to him by a mere blanket invocation of the [Fifth Amendment] privilege."  Phoenix v. Coatesville Area Sch. Dist., Civ. No. 15-72, Doc. 46 at 1 n.1 (E.D. Pa. Oct. 9, 2015) (Pappert, J.) (quoting Nat'l Life Ins. Co. v. Hartford Acc. & Indem. Co., 615 F.2d 595, 598 (3d Cir. 1980)).  "To properly invoke Fifth Amendment protections, a witness must place before the court sufficient information to allow it to determine whether witness's silence is justified on a question by question basis."  In re Ciotti, 442 B.R. 412, 414 (Bankr. W.D. Pa. 2011) (citing Burt Hill, Inc. v. Hassan, Civ. No. 09-1285, 2009 WL 4730231, at *4 (W.D. Pa. 2009) (citing Nat'l Life Ins., 615 F.2d at 598)).  Although some of the questions that Plaintiff may want to ask may properly be subject to the invocation of Mr. Como's Fifth Amendment privilege, it is improper to avoid the deposition with the blanket assertion.  I will therefore deny the motion to quash.

Based on counsel's need for other discovery that has recently been ordered to be produced, see Doc. 46, and counsel's schedules, the court directs that Mr. Como's deposition take place during the third week of August.  Based on the position Mr. Como

has taken on the motion to quash, the court anticipates that Mr. Como may decline to answer certain questions during his deposition based on the privilege against self-incrimination.  Within one week following Mr. Como's deposition, Plaintiff may file a motion to compel responses specifically identifying questions he believes do not seek privileged information, and Mr. Como shall have 14 days to respond, providing justification with specificity for the invocation of the Fifth Amendment as to each question identified.

      An appropriate Order follows.